IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ-MARIA URZUA and CESAR ANCHANTE-MARTINETTI,<br><br>    Plaintiffs,<br><br>  v.<br><br>AMERICA'S SERVICING COMPANY and JOHN STUMPH,<br><br>    Defendants. | No. C 07-05906 JSW<br><br>**ORDER OF DISMISSAL** |

This pro se action arises out of a lender-debtor dispute. However, Plaintiffs have cast their pleading as an admiralty suit involving "U.S. Vessels." What has been submitted as a "Petition on for Libel of Review of an Administrative Judgment" in this matter makes little to no sense at all.

Plaintiffs fail to allege any claim under state or federal law. In contravention of Federal Rule of Civil Procedure 8(a), Plaintiff failed to file a pleading setting forth the grounds upon which this Court has jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief, . . . and a demand for judgment for the relief the pleader seeks." Rather, Plaintiff's complaint is disjointed to the point of being incoherent and unintelligible. It is thus unclear to the Court the legal theories on which Plaintiffs seek relief, what relief they are, in fact, seeking, or the underlying factual basis for the suit.

Furthermore, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R.

Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case.  *Id.*; Fed. R. Civ. P. 12(h)(3).  California superior courts are courts of general, unlimited jurisdiction and can render enforceable judgments in practically any type of case.  However, federal courts have limited jurisdiction.  Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party.  *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994).  Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* at 377.  Plaintiffs fail to allege sufficient facts to demonstrate there is any basis for federal jurisdiction.

Because the complaint is incomprehensible and this Court is presumptively without jurisdiction, the case is HEREBY DISMISSED with prejudice.  The Court counsels Plaintiffs against filing any more such frivolous admiralty actions.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 14, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

URZUA et al,

        Plaintiff,

v.

AMERICA'S SERVICING COMPANY ET AL et al,

        Defendant.
                             /

Case Number: CV07-05906 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 15, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Luz-Maria Urzua
6787 Hillsview Drive
Vacaville, CA 95688

Dated: April 15, 2008

*MNarcisse*

Richard W. Wieking, Clerk
By: Monica Narcisse, Deputy Clerk